The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 23-0009RSM |
| Plaintiff, | |
| v. | UNITED STATES SENTENCING |
| ABRAHAM MBUGUA, | MEMORANDUM |
| Defendant. | |

## I.   INTRODUCTION

Defendant Abraham Mbgua comes before the court on his guilty plea to *Felon in Possession of a Firearm*. The government respectfully recommends a custodial sentence of 41 months, the bottom of the advisory Guideline range.

Mr. Mbgua came up during a larger investigation into a drug trafficking ring that was moving large amounts of fentanyl pills. When law enforcement executed a search warrant at the apartment he was staying at, he was caught in possession of two firearms and a significant number of counterfeit prescription pills. Mr. Mbgua has a lengthy criminal history that includes violent offenses, drug offenses, and a prior unlawful firearms offense. He has repeatedly violated prior conditions of supervision and was indeed on state DOC supervision at the time of this offense. A significant sentence is

U.S. Sentencing Memo - 1
*United States v. Mbugua* /CR23-009RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

therefore necessary to reflect the seriousness of the offense, defendant's history and characteristics, and the need to protect the public.

## II. BACKGROUND

### A. The Pittsburgh Investigation

This case arises out of a wiretap conducted out of the Western District of Pennsylvania. Among other phones, agents in that District intercepted a phone used by a drug trafficker out here in Washington named Bryce Hill. This defendant, Abraham Mbuga, was not intercepted on that wiretap. However, the agents did intercept calls that appeared to be *about* Mr. Mbgua. One of the intercepted calls was between Hill and another man, David Carr, during which Hill asked Carr to rent him an apartment in Seattle. Carr rented an apartment on Westlake, using a fake identity. Of note, during a later call Carr asked if Hill got his "peeps in" (if Hill's associate was in the Westlake apartment). Hill responded that he had sent his person the information and "he's gonna go over there in a few hours when it gets dark." Carr then cautioned Hill "tell your boy with that spot . . . that you know, keep it low key. The . . . the manager dude stays on the property." Hill responded, "A'ight I'll let bro know. I mean, he should be good, he's like me. He usually don't- we- you know we don't really- we don't creep 'till it's night time."

Agents then conducted surveillance at the Westlake apartment to try and identify Hill's associate, and what he was doing at the Westlake apartment, theorizing that it might be a stash location. During surveillance they saw a man – later identified as Mr. Mbgua – going to and from the apartment and driving a Mercedes. At one point, they asked local law enforcement to try and pull the Mercedes over to identify the driver. Rather than comply, defendant fled, and investigators made the decision not to pursue.

Hill was indicted by WDPA, and agents in this District obtained search warrants for locations associated with Hill, including the Westlake apartment. Of note, during a search of the apartment occupied by Hill, investigators recovered more than 20 kilograms

U.S. Sentencing Memo - 2
*United States v. Mbugua* /CR23-009RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of counterfeit fentanyl pills and multiple firearms, one of which was modified to fire fully automatic.

**B.    Search Warrant at Westlake Apartment – Arrest of Defendant**

One of the search warrants obtained was for the Westlake apartment.  Mr. Mbgua was inside the apartment and was taken into custody.  During the subsequent search, investigators recovered two semiautomatic pistols – a Glock and a Smith and Wesson – both of which were loaded.  The Glock was shoved between the cushions of a couch, and the Smith and Wesson had apparently slipped between cushions and was on the floor behind the couch.  Inside the same couch, investigators also found two baggies of unidentified pills, appearing to be counterfeit Xanax bars.  Cash and a scale were also found in the apartment.

Agents read Mr. Mbgua his rights, which he waived in writing.  He claimed he did not live there and was only staying that one night at the premises.  That was demonstrably false from surveillance.  They then asked him about his Mercedes, and Defendant denied owning one – but then said something to the effect of "you know I can drive," likely a reference to the eluding from earlier in the investigation.  He admitted to "having a problem" with Xanax, but denied selling them – which was inconsistent with the amount he possessed, which was a distribution quantity.  He denied the guns were his.

**C.    Defendant's History and Characteristics**

Mr. Mbgua has a lengthy criminal history that includes state priors for Robbery 2, Identity Theft 2, and Assault-2.  He has a prior recent conviction for unlawful possession of a firearm, for which he was sentenced to 41 months.  He also has an extensive history of failing to comply with conditions of supervision and was on DOC supervision at the time he committed this offense.  He has 18 criminal history points, well over the amount necessary to place him in CHC IV.

U.S. Sentencing Memo - 3
*United States v. Mbugua* /CR23-009RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Mr. Mbgua apparently had a less than ideal childhood – however, while that is doubtless true, it should be noted that the Probation Office was unable to verify much of the information provided by the defendant.

### III. GUIDELINES

The government concurs with the Probation Officer's calculation of the advisory Guideline range. Defendant is Total Offense Level 15, and Criminal History Category VI, resulting in an advisory Guideline range of 41 – 51 months.

### IV. RECOMMENDATION AND JUSTIFICATION

The government respectfully recommends a custodial sentence of 41 months, the bottom of the advisory Guideline range. Mr. Mbgua was caught with two firearms – while he was on supervision for the same offense of illegally possessing a firearm. He was sentenced to 41 months for that prior offense in the state system, which happens to be the bottom of the Guideline range in this matter. Common sense suggests that he should not get *less* custodial time in this, his second conviction for the same crime.

That's particularly true where, as here, Mr. Mbgua clearly possessed these firearms in connection with a *different* felony offense – drug trafficking. His ties to the larger drug trafficking case are unclear – but it is clear that he was in possession of distribution amounts of controlled substances and a scale at the time he was caught with the firearms.

Mr. Mbgua's criminal history is also concerning. In addition to the prior firearms charge, he has a number of convictions for violent offenses. He has a demonstrated history of failing to comply with the terms of supervision.

Under 18 U.S.C. § 3553(a), the Court is required to consider the nature and circumstances of the offense; the need to reflect the seriousness of the offense and impose just punishment; to deter criminal conduct; and to protect the public. When applied to these facts, these considerations call for a significant sentence.

U.S. Sentencing Memo - 4
*United States v. Mbugua* /CR23-009RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Balanced against them is the defendant's background history and characteristics. The government has little doubt that his childhood was difficult, although many of the details are unverified. However, those facts are not sufficiently mitigating to justify imposing a sentence of less than the bottom of the range here.

### V. CONCLUSION

For the reasons set forth above the government respectfully recommends a custodial sentence of 41 months, to be followed by three years of supervised release.

DATED this 9th day of June, 2023.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*/s/ Vincent T. Lombardi*
VINCENT T. LOMBARDI
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone:   (206) 553-7970
E-mail:         vince.lombardi@usdoj.gov

U.S. Sentencing Memo - 5
*United States v. Mbugua* /CR23-009RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970